UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RECYCLE FOR CHANGE,

    Plaintiff,

    v.

CITY OF OAKLAND,

    Defendant.

Case No. 15-cv-05093-WHO

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 7

## INTRODUCTION

On October 20, 2015, the Oakland City Council passed Ordinance No. 13335 C.M.S. ("the Ordinance") to regulate the placement, appearance, operation, and maintenance of unattended donation and collection boxes ("UDCB") within the city's limits. The Ordinance will likely impact plaintiff Recycle for Change ("Recycle"), a nonprofit organization that receives donations of used textiles in UDCBs, recycles them, and uses the revenue from its recycling activities to support charitable causes. On November 10, 2015, Recycle filed a motion for temporary restraining order ("TRO"), arguing that the Ordinance amounts to an unconstitutional prior restraint on free speech and denial of equal protection due to differing treatment of UDCB owners under the regulations, and that Recycle would be irreparably injured as a result. Mot. [Dkt. No. 7].

I held a hearing on November 19, 2015. I DENY Recycle's motion because of a lack of irreparable injury and will hear Recycle's motion for a preliminary injunction on January 13, 2016.

## DISCUSSION

In order to obtain a TRO, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1   balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking*

2   *Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009) (internal citations

3   removed).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

4   showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555

5   U.S. 7, 22 (2008).

6         The question on the irreparable harm factor is "whether the applicant will be irreparably

7   injured absent a stay."  *Leiva–Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (internal

8   quotation marks and citations omitted).  Such irreparable harm must not simply be "possible" --

9   instead, the moving party is required to "demonstrate that irreparable injury is *likely* in the absence

10  of an injunction."  *Id*.  (internal quotation marks and citations omitted) (emphasis in original).  "A

11  plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

12  plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive

13  relief."  *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)(emphasis in

14  original).

15        Here, no such harm has been established in the near term.  The Ordinance specifies that

16  applicants have up to 90 days from the final passage of the Ordinance to apply for a permit and

17  that bins for which no permitted has been applied will not be removed until 120 days from the

18  passage of the Ordinance.  Ord. 13335 C.M.S., Section 5 (B)-(C).  Considering that the Ordinance

19  was passed on October 20, 2105, Recycle has until January 18, 2016 to apply for a permit, and

20  non-permitted UDCBs will not be removed before February 17, 2016.  Therefore, any harm that

21  Recycle may suffer as a result of the ordinance is not so immediate that it cannot be addressed by

22  a decision on a regularly scheduled motion for a preliminary injunction.

23        During the hearing, counsel stipulated that Recycle's rights will not be prejudiced by any

24  delay caused by the timing of the Court's decision on Recycle's motion for a preliminary

25  injunction.  The City of Oakland's counsel represented that, in the event that my decision on the

26  preliminary injunction comes later than the January 18, 2015 application deadline, Recycle may

27  have additional time following my ruling to comply with the permit requirement.  At the request

28  of the parties, I set the hearing for January 13, 2016.  The briefing schedule is set forth in the

Conclusion to this Order.

## CONCLUSION

Recycle's request for a TRO is DENIED. Recycle has until December 2, 2015 to file a motion for a preliminary injunction and supporting papers. Oakland may file its opposition by December 16, 2015. Any reply must be filed by December 23, 2015. The hearing on the motion is set for January 13, 2016 at 2:00 pm in Courtroom 2.[1]

**IT IS SO ORDERED**.

Dated:  November 20, 2015

WILLIAM H. ORRICK
United States District Judge

---

[1] Recycle also sought a TRO against the City of Hayward, which has also adopted an ordinance affecting UDCBs, in a related case. *Recycle for Change v. City of Hayward*, No. 15-cv-5092-WHO (N.D. Cal) (filed November 5, 2015). While the ordinances are different, some of the legal analysis will be similar. Because the Hayward ordinance does not threaten to impact Recycle's business in the short term, I announced my intention at the hearing to deny the Hayward TRO as well and to stay any motion practice until after I decide the Oakland preliminary injunction matter. Recycle's counsel agreed with this procedure, and a separate order will issue in that case.